**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

LC BLACK,

      Appellant,

        v.

DEPARTMENT OF VETERANS
    AFFAIRS,

      Agency.

DOCKET NUMBER
CH-0752-15-0429-I-2

DATE: September 20, 2016

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

LC Black, Kirkwood, Missouri, pro se.

G.M. Jeff Keys, St. Louis, Missouri, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which affirmed the agency's action removing him from his position.  Generally, we grant petitions such as this one only when:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous

---

[1]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2    Effective September 20, 2014, the agency removed the appellant from his WG-6 Motor Vehicle Operator position based on charges of unlawful use of a weapon and conduct unbecoming a Federal employee. *Black v. Department of Veterans Affairs*, MSPB Docket No. CH-0752-15-0429-I-1, Initial Appeal File (IAF), Tab 8 at 3, 10-15. After a hearing, the administrative judge sustained both charges, found that the appellant failed to prove his affirmative defenses of harmful error and retaliation for prior equal employment opportunity (EEO) activity, and determined that the penalty of removal was within the tolerable bounds of reasonableness. *Black v. Department of Veterans Affairs*, MSPB Docket No. CH-0752-15-0429-I-2, Refiled Appeal File (RAF), Tab 23, Initial Decision (ID) at 6-23.

¶3    The appellant asserts on review that, because the criminal charges brought against him for the same underlying acts were dismissed, he cannot be removed for the same conduct. Petition for Review (PFR) File, Tab 1 at 3. An appellant's acquittal on criminal charges does not preclude an agency from taking an adverse action based on the same misconduct that led to the criminal charges. *Rodriguez-Ortiz v. Department of the Army*, 46 M.S.P.R. 546, 548 (1991). Therefore, the appellant's argument is without legal basis.

¶4	The appellant also challenges generally the administrative judge's findings that the agency proved both charges. PFR File, Tab 1 at 5. The administrative judge based her findings primarily on her assessment of the witnesses' relative credibility, including the appellant's demeanor during his hearing testimony. ID at 7-10, 12-13. The Board must give deference to an administrative judge's credibility determinations when they are based, explicitly or implicitly, on the observation of the demeanor of witnesses testifying at a hearing; the Board may overturn such determinations only when it has "sufficiently sound" reasons for doing so. *Haebe v. Department of Justice*, 288 F.3d 1288, 1301 (Fed. Cir. 2002). The appellant has failed to proffer sufficiently sound reasons for disturbing the administrative judge's credibility determinations and otherwise presents no reason to overturn the charges against him.

¶5	The administrative judge found that the appellant failed to prove his affirmative defense of EEO retaliation because he did not show that the deciding official knew about the appellant's EEO activity and because his proffered comparator was a volunteer and not an agency employee. ID at 14-19. The appellant makes a bald assertion on review that the administrative judge's finding is incorrect, PFR File, Tab 1 at 7, but he identifies no mistake of fact or law, and we discern none. The appellant also alleges that the agency did not treat him fairly when he was injured by a coworker and assaulted by a volunteer several months prior to the misconduct at issue in this case. *Id.* The relevance of these allegations is not apparent from the record and, in any event, provide no basis for disturbing the initial decision.

¶6	The appellant reiterates on review his argument below that the agency committed harmful error by conducting an improper investigation and failing to afford him sufficient time to review the evidence against him. PFR File, Tab 1 at 6. He also contends that the agency violated a series of contract provisions concerning disciplinary and adverse actions. *Id.*; RAF, Tab 19 at 6-9. The appellant, though, does not describe how the agency violated these provisions

or explain how any violation affected the outcome of his case. As the administrative judge correctly found, harmful error cannot be presumed; an agency error is harmful only when the record shows that the procedural error was likely to have caused the agency to reach a conclusion different from the one it would have reached in the absence or cure of the error. *Stephen v. Department of the Air Force*, 47 M.S.P.R. 672, 681, 685 (1991); ID at 20. While the appellant appears to challenge the administrative judge's finding that he failed to prove harmful error, he has identified no mistake of fact or law that would warrant setting aside the initial decision. Moreover, while the record shows that the appellant was a member of a bargaining unit, IAF, Tab 8 at 3, there is no evidence as to which bargaining unit this contract covers and thus no evidence whether the contract applies to the appellant.

¶7        The appellant also makes a vague reference to what we presume is our decision in *Pickett v. Department of Agriculture*, 116 M.S.P.R. 439 (2011), a case involving ex parte communications within the agency that we found violated the appellant's due process rights, PFR File, Tab 1 at 6. Aside from simply producing the case name, the appellant provides no argument explaining why he believes the case is relevant to his appeal, and we otherwise see no reason why it warrants reversal of the initial decision.

¶8        The appellant further contends that the administrative judge failed to consider the "most important" *Douglas*[2] factors, namely, "provocation, extent of injuries, and whether actions were defensive or offensive," when she analyzed the appropriateness of the penalty. PFR File, Tab 1 at 6-7. On the contrary, the administrative judge explicitly considered the appellant's claim that he was provoked and found it without merit. ID at 23. Moreover, the administrative judge found that the appellant was the aggressor in the incident that led to his

---

[2] In *Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 305-06 (1981), the Board articulated a nonexhaustive list of factors relevant to the penalty determination in adverse actions.

removal, which implicitly means that she considered his actions to be offensive rather than defensive. *Id.* The appellant's penalty argument amounts to a challenge to the administrative judge's findings of fact. Because those findings are based on witness credibility and the appellant has not provided a sufficiently sound reason to set them aside, we see no basis to disturb them. *Haebe*, 288 F.3d at 1301.

¶9    The appellant challenges the administrative judge's decision not to approve one of his witnesses to testify, purportedly on the basis that the appellant's request was untimely. PFR File, Tab 1 at 4. The administrative judge rejected the witness because the appellant failed to make a proffer concerning the witness's expected testimony and relevance, with the untimeliness of the request a secondary consideration. RAF, Tab 21. The appellant has not explained what the testimony might have been and how it would have made a difference in his case. Under the circumstances, the administrative judge's ruling was well within her wide discretion to control the proceedings. *Miller v. Department of Defense*, 85 M.S.P.R. 310, ¶ 8 (2000) (finding that an administrative judge has wide discretion to control the proceedings, including authority to exclude testimony she believes would be irrelevant or immaterial).

¶10    The appellant also argues that the agency's decision not to call all of its approved witnesses deprived him of the opportunity to cross examine those witnesses. PFR File, Tab 1 at 4. The appellant has not explained why he did not include these witnesses on his final witness list so they could be approved as joint witnesses. RAF, Tab 15 at 7. Moreover, when the administrative judge approved the witnesses as agency witnesses only, the appellant had the opportunity to object and request that the witnesses be approved as joint witnesses, but he did not do so. We thus discern no such error or abuse of discretion on the part of the administrative judge.

¶11    The appellant has requested leave to file an additional pleading on review. PFR File, Tab 4. The appellant wishes to submit a settlement agreement

concerning an alleged hostile working environment. He contends that, because the agency breached this agreement, he filed a formal EEO complaint, which led the agency to retaliate against him by removing him. The appellant's proffer does not overcome the administrative judge's finding that the appellant failed to show that the deciding official was aware of the appellant's EEO activity. Moreover, because he claims that the agency's breach caused his formal EEO complaint, the document he now wishes to submit clearly was available to him well before the close of the record below and he has not explained why, despite his due diligence, he could not have submitted it in a timely manner. *Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980).

¶12       Finally, to the extent the appellant is attempting to make a claim of administrative judge bias, he has not articulated any such claim with enough particularity to overcome the presumption of honesty and integrity that accompanies administrative adjudicators. *Oliver v. Department of Transportation*, 1 M.S.P.R. 382, 386 (1980).

## NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request further review of this final decision.

Discrimination Claims:  Administrative Review

You may request review of this final decision on your discrimination claims by the Equal Employment Opportunity Commission (EEOC). *See* title 5 of the U.S. Code, section 7702(b)(1) (5 U.S.C. § 7702(b)(1)). If you submit your request by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit your request via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, NE
Suite 5SW12G
Washington, D.C. 20507

You should send your request to EEOC no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with EEOC no later than 30 calendar days after receipt by your representative. If you choose to file, be very careful to file on time.

Discrimination and Other Claims:  Judicial Action

If you do not request EEOC to review this final decision on your discrimination claims, you may file a civil action against the agency on both your discrimination claims and your other claims in an appropriate U.S. district court. *See* 5 U.S.C. § 7703(b)(2).  You must file your civil action with the district court no later than 30 calendar days after your receipt of this order.  If you have a representative in this case, and your representative receives this order before you do, then you must file with the district court no later than 30 calendar days after receipt by your representative.  If you choose to file, be very careful to file on time.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court‑appointed lawyer and to waiver of any requirement of

prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

FOR THE BOARD:                  _____
                                       Jennifer Everling
                                       Acting Clerk of the Board

Washington, D.C.